# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 4:18-CR-332-RLW |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| WILLIAM ANDERSON | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

**IT IS ORDERED** that the motion is:

☐ **GRANTED**

☐ The defendant's previously imposed sentence of imprisonment of _____ is reduced to _____. If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

☐ Time served.

If the defendant's sentence is reduced to time served:

☐ This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made,

and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐ There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel.  There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of _____ months (not to exceed the unserved portion of the original term of imprisonment).

☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

2

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

☐ **DEFERRED** pending supplemental briefing and/or a hearing.  The court **DIRECTS** the United States Attorney to file a response on or before _____, along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☒ **DENIED** after complete review of the motion on the merits.

☐ **FACTORS CONSIDERED** (Optional)

On June 17, 2021, Defendant entered a guilty plea for Distribution of a Controlled Substance in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C).  (ECF No. 41). On the same day, the Court sentenced Defendant to 144 months imprisonment, followed by a supervised release term of three years.  (ECF No. 185). Notably, Defendant's base offense level for the case was a 38 based, in part, upon the fact that death resulted from the distribution of the controlled substance. (ECF No. 175, ¶ 29).  In the Final Presentence Investigation Report, it was noted that Defendant reported using an inhaler for his asthma, but had no other health issues.  (ECF No. 175, ¶ 63). Defendant has been incarcerated since his arrest on April 17, 2018, is now serving his sentence at FTC Oklahoma City, and has an anticipated release date of July 7, 2028.  *See* https://www.bop.gov/mobile/find_inmate (last visited November 1, 2022).[1]

---

[1] At the time of the filing of the Motion, Defendant was an inmate at the BOP facility in Marion, IL. (ECF No. 201 at 1).

On August 16, 2022, Defendant, through counsel, filed a Motion for Order Reducing Sentence Under 18 U.S.C. § 3582(c)(1)(A)(i). (ECF No. 201). In his Motion, Defendant seeks reduction of his sentence due to his additional risk for severe illness or death if he contracts Covid-19, or one of its variants. Defendant argues that his risk factors include his asthma and history of substance abuse. (ECF No. 201 at 7-9). Defendant was vaccinated with a single dose of the Johnson & Johnson Covid-19 vaccine. *See* ECF No. 201 at 1. However, Defendant argues that he remains vulnerable to a breakthrough Covid-19 infection and any resulting infection would be exacerbated by his risk factors. (ECF No. 201 at 15). He seeks release from prison where he must share communal living spaces and bathrooms, which increase the spread of illnesses. (ECF No. 201 at 14-15). On September 9, 2022, the government filed an opposition to Defendant's Motion. (ECF No. 202).

> Section 3582(c), as amended by the First Step Act, provides, in relevant part, that
>
> the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment ..., after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that ... extraordinary and compelling reasons warrant such a reduction ... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission....

18 U.S.C. § 3582(c)(1)(A)(i); *United States v. Rodd*, 966 F.3d 740, 746 (8th Cir. 2020).Even if Defendant's circumstances could be considered extraordinary and compelling, the Court must review the § 3553 factors to determine whether his release would be appropriate. *See* 18 U.S.C. § 3582(c)(1)(A). *United States v. Jeffers*, 466 F. Supp. 3d 999, 1007 (N.D. Iowa 2020).

The Court notes that Defendant does not provide a specific release plan, other than potential for rehire at Bar Louie. Further, Defendant does not provide any facts to demonstrate that his

4

asthma has not been appropriately managed at his BOP facility. In addition, Defendant has not included any details that would demonstrate that his care, if released, would be superior to that provided by the BOP. Thus, the Court cannot hold that Defendant's release would be appropriate under the circumstances.

Further, Guideline § 1B1.13(2) provides that compassionate release is appropriate only when "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." Section 3582(c)(1)(A) requires a court to consider the factors set forth in 18 U.S.C. § 3553(a) before granting a motion for compassionate release. The § 3553(a) factors are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for—
> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines [issued by the Sentencing Commission ...;]
> (5) any pertinent policy statement [issued by the Sentencing Commission ...;]
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a); *United States v. McPeek*, No. CR19-4003-LTS, 2022 WL 429249, at *9-10 (N.D. Iowa Feb. 11, 2022).

Although Defendant categorizes himself as a nonviolent offender (ECF No. 201 at 17), he has an extensive criminal history, including unlawful use of a weapon, possession of marijuana, receiving stolen property, and possession of a controlled substance. (ECF No. 175, ¶¶ 41-51).

5

Moreover, this case involved Defendant's sale of controlled substances, which resulted in death. The Court believes that the seriousness of this offense warrants Defendant serving his imposed sentence. Thus, the Court finds that Defendant's "extensive criminal history, his recidivism, the nature of [his] convictions and the need to protect the public, … and the need to serve the sentencing objectives of punishment and deterrence" weigh heavily against granting compassionate release. *Jeffers*, 466 F. Supp. 3d at 1008.

Therefore, the Court denies Defendant's Motion for Compassionate Release.

☐ **DENIED WITHOUT PREJUDICE** because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

**IT IS SO ORDERED.**

                                                                                            *Ronnie L. White*
                                                                            _____
                                                                            **RONNIE L. WHITE**
                                                                            **UNITED STATES DISTRICT JUDGE**

Dated this 1st day of November, 2022.